**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TRANSCARDIAC THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AJIT YOGANATHAN, PH.D., JORGE H. JIMINEZ, PH.D., VINOD H. THOURANI, M.D., EMORY UNIVERSITY, GEORGIA TECH RESEARCH CORPORATION, and GEORGIA TECH FOUNDATION, INC.,<br><br>Defendants. | Civil Action No. ________________ |

**<u>DEFENDANT EMORY UNIVERSITY'S NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1446 and 1454, Defendant Emory University ("Emory") hereby removes this action to the United States District Court for the Northern District of Georgia from the State Court of Fulton County, Georgia, the Court in which the case was originally filed.

In support of this Notice of Removal, Emory states as follows:

**TIMELINESS OF REMOVAL**

1. On August 9, 2013, Plaintiff TransCardiac Therapeutics, Inc. ("Plaintiff") filed this action in the State Court of Fulton County, Georgia, Case

No. 13EV017957B (the "State Court Action"). Plaintiff thereafter served Emory and the other Defendants at different times.

2. In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Emory timely files this Notice of Removal within 30 days of Plaintiff's service of process upon Emory.

**VENUE**

3. This case properly may be removed to this United States District Court pursuant to 28 U.S.C. § 1454(a), because the United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the place where the State Court Action is pending. *See also* 28 U.S.C. §§ 90, 1446(a).

**JURISDICTION**

4. This is a civil action under which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367; *see also* 28 U.S.C. § 1295 (addressing appellate jurisdiction over federal patent issues). Emory properly may remove pursuant to 28 U.S.C. §§ 1446 and 1454, because the matter involves federal questions relating to patents exclusively reserved for consideration by the federal courts, as described in further detail below.

5. The Complaint filed in the State Court Action includes a number of allegations directly addressing the inventorship of issued patents and pending patent applications. *See, e.g.*, Compl. ¶ 128 (alleging that "all Defendants began false public statements touting the individual Defendants as inventors"); ¶ 130 (alleging that "press releases from Defendant[s] Emory and Georgia Tech . . . falsely and willfully said that the Defendants had invented what Dr. Lattouf invented"); ¶ 131 (same); ¶ 179 (alleging Defendants improperly represented that certain items of intellectual property "were their inventions"); ¶ 198 (same); ¶ 241 (alleging that "Defendants fraudulently represented that they invented and/or own certain of the Release Letter IP"). Other allegations of the Complaint, although vague, similarly appear to raise inventorship or other federal patent law issues.

6. Federal courts have original jurisdiction over matters involving patent inventorship. *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1571 (Fed. Cir. 1989) (holding that complaint raising inventorship issue arose under federal patent law).

7. Although Plaintiff has not specifically alleged a claim pursuant to the federal patent laws, inventorship or other federal patent law issues constitute essential elements of Plaintiff's claims, and thus the claims arise under the federal patent laws. *See, e.g., Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 807-

09, 160 S. Ct. 2166, 2173-74 (1988) (holding "arising under" jurisdiction proper under 28 U.S.C. § 1338(a) where "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law"); *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (finding patent law to be necessary element of a breach of contract claim); *MCV*, 870 F.2d at 1571; *Rustevader Corp. v. Cowatch*, 842 F. Supp. 171, 174 (W.D. Pa. 1993).

8. In this case, resolution of Plaintiff's claims in the State Court Action necessarily depends on resolution of a substantial inventorship question. Count I of Plaintiff's Complaint, for example, requires a determination of inventorship to determine whether Emory "breached the Release Letter and its amendments by publicly representing that certain of the Release Letter IP and First and Second Amendment Improvements were their inventions . . . ." Compl. ¶ 179. Count IV similarly requires a determination of inventorship to determine whether Emory "wrongfully publicly represented that [it] invented certain of the Release Letter IP, First Amendment Improvements and/or Second Amendment Improvements." *Id.* ¶ 198. Plaintiff's other claims likewise depend on resolution of substantial federal patent law questions. *See, e.g., id.* ¶¶ 187, 195, 205, 209(2) & (5), 214, 222, 229, 237, & 241-42.

## OTHER PROCEDURAL REQUIREMENTS

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Emory in the State Court Action are attached as **Exhibit A**.

10. Promptly after filing this Notice of Removal, Emory will give written notice of the removal to Plaintiff through its attorneys of record in the State Court Action, as well as to the Clerk of Court of the State Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

11. Pursuant to 28 U.S.C. § 1454(b)(1), removal may be effected by "any party." Defendants Vinod Thourani, Georgia Tech Research Corporation, and Georgia Tech Foundation, Inc. have consented to this removal.

WHEREFORE, Defendant Emory University requests that this case be removed from the State Court of Fulton County, Georgia, to this Court.

Respectfully submitted this 16th day of September, 2013.

s/ C. Allen Garrett Jr.

KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Joel D. Bush II
Georgia Bar No. 098775
C. Allen Garrett Jr.
Georgia Bar No. 286335
Robert E. Buckley
Georgia Bar No. 140280

*Counsel for Emory University*

WE CONSENT:

s/ Jill Warner
Jill Warner
McRAE BROOKS WARNER LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 2100
Atlanta, Georgia 30361
Telephone: (404) 681-0730
Facsimile: (404) 681-0780

*Counsel for Vinod H. Thourani, M.D.*

s/ Holmes J. Hawkins, III
Holmes J. Hawkins, III
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-2443
Facsimile: (404) 572-5100

*Counsel for Georgia Tech Research Corporation and Georgia Tech Foundation, Inc.*

**CERTIFICATE OF FONT AND POINT SELECTION**

I hereby certify that the foregoing was prepared in Times New Roman font, 14 point type, in compliance with Local Rule 5.1(C).

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing DEFENDANT EMORY UNIVERSITY'S NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system and served it upon all parties by depositing a copy thereof in the U.S. mail, first-class postage prepaid, addressed to:

J. Robert Howard
2393 Montview Drive, N.W.
Atlanta, Georgia 30305

William Q. Bird
Kristen L. Beightol
BIRD LAW GROUP, P.C.
2170 Defoor Hills Road
Atlanta, Georgia 30318

John W. Crongeyer, M.D.
CRONGEYER LAW FIRM, P.C.
2170 Defoor Hills Road
Atlanta, Georgia 30318

Jill Warner
McRAE BROOKS WARNER LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

Holmes J. Hawkins, III
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Ajit Yoganathan, Ph.D.
3555 Castleridge Drive
Tucker, Georgia 30084-3910

Jorge H. Jiminez, Ph.D.
2921 Lenox Road N., Apt. 212
Atlanta, Georgia 30324-2877

This 16th day of September, 2013.

s/ C. Allen Garrett Jr.
C. Allen Garrett Jr.
Georgia Bar No. 286335
agarrett@kilpatricktownsend.com

*One of the Attorneys for*
*Defendant Emory University*

KILPATRICK TOWNSEND
& STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555