IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRANSCARDIAC THERAPEUTICS, INC., Plaintiffs, | ) | Civil Action No.: 1:13-cv-03089-AT |
| v. | ) | |
| AJIT YOGANATHAN, PH.D., JORGE H. JIMINEZ, PH.D., VINOD H. THOURANI, M.D., EMORY UNIVERSITY, GEORGIA TECH RESEARCH CORPORATION, and GEORGIA TECH FOUNDATION, INC., Defendants. | ) | |

**PLAINTIFF'S[1] REPLY TO DEFENDANT EMORY UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND[2] (AND DEFENDANTS GEORGIA TECH RESEARCH CORP., GEORGIA TECH FOUNDATION, INC. AND VINOD H. THOURANI, M.D.'s JOINDER)**

## I. INTRODUCTION

Plaintiff did not assert any patent law claims and Defendant Emory University ("Emory") has already conceded as much: "[p]laintiff has not specifically alleged a claim pursuant to the federal patent laws[.]" [Doc. 1 at ¶ 7].

[1] Plaintiff Transcardiac Therapeutics, Inc. will herein be referred to as "TCT" or "Plaintiff."

[2] Defendant Emory University's Opposition to Plaintiff's Motion to Remand shall herein be referred to as "Response."

Nonetheless, it its quest to transform what it admits are "garden variety" state law claims into supposed federal patent claims, Defendant Emory supplies the Court with numerous factual and legal misstatements, as outlined and detailed below.

First, Emory argues that the "frequent" use of the words "patent", "IP", or "invention" in the Complaint somehow transforms these state law claims into patent claims. The reality is that word counts do not equate to jurisdiction and there is no case law to support this improper standard.

Second, Emory argues that TCT's state law claims are tantamount to disputed questions of patent law. This is both incorrect and insufficient. It is incorrect in that the claims in the Complaint only depend on whether the Defendants violated their contracts and other state law duties owed to Plaintiff, not whether they infringed any patents.[3] Emory's argument is insufficient in that, even if there were a patent in dispute upon which TCT's relief depended (which is not the case), it was Emory's burden in its Response to demonstrate how TCT's supposed patent claim was necessarily significant **to the federal system as a whole**. Emory has not and cannot do so. Instead, its Response argues that the claims might be important to a supposed later patent infringement suit between

---

[3] The duties, obligations, and right at issue in the lawsuit are conveyed by the Release Letter and subsequent amendments which are interpreted under Georgia law, and are not conveyed by any patents or standards issued by the United States Patent and Trademark Office or "PTO".

these parties. That type of speculative later "significance" to a limited number of parties is not the legal standard and Emory runs headlong into adverse and controlling United States authority in this regard:

> There is no doubt that resolution of a patent issue . . . can be vitally important to the particular parties **in that case**. But something more, demonstrating that the question is significant to the federal system as a whole, is needed. That is missing here.

*Gunn v. Minton*, 133 S. Ct. 1059, 1068 (2013) (emphasis added.)[4]

Third, Emory fails to acknowledge proper and binding standards that must be applied to the remand decision before the Court. Specifically, Emory's Response never acknowledges that it is their "burden" to prove that removal was proper in the first place. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112 (S.D.N.Y. 2007). Similarly, the Response never concedes that any and all doubts must be resolved **against** its removal. *Id.* at 112. These controlling standards are nowhere recited and are never met by Emory.

Fourth, Emory attempts to confuse and complicate the Court's inquiry by

[4] Emory's latest Response posits two contradictory ideas: Emory alleges that TCT's claims are so vague that they must be supplemented on one hand and on the other hand Emory alleges that TCT's claims are so clear that they definitely fall under the exclusive realm of patent law. These paradoxical positions cannot be reconciled and they further evidence the impropriety of Emory's removal, especially given that Plaintiff TCT is "the master of his own claim" and any "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994).

attaching copies of patents and making new implications. This tactic merits several comments:

a) The materials cited by Emory now to serve its own self-interest in trying to escape state court, only reinforce the claims at issue. In fact, for years, Emory refused to disclose any documents which underlied its press releases of having licensed minimally invasive transapical heart surgery. Emory has not pointed to any justification for withholding such materials, or for the false statements which accompanied such press releases. Thus, Emory's belated citation to patents or information now, further demonstrates that Emory failed to deal with Omar Lattouf, M.D. and TCT in good faith and in a manner consistent with its contractual and ethical duties under Georgia law.

b) Emory's Exhibits related to patents or related documents that did not involve TCT or Dr. Lattouf and have never been presented to either; and are later in time than the confidential disclosures to, and initial relations with, Emory and other Defendants named therein. It is both a matter of common sense and the law that obtaining a patent years later does not negate the possibility of violating

contracts and state law duties owed years earlier.

Emory cites *Becher v. Contoure Labs Inc.*, 279 U.S. 388 (1929) for the proposition that "a claim for theft of a trade secret or confidential idea does not fall within federal jurisdiction merely because the defendant patented the stolen idea" and that "numerous cases have rejected federal jurisdiction" in such circumstances. [Doc 20 at 14-15]. Ironically, Emory fails to recognize that the reasoning of *Becher* cuts against it here. Just as in *Becher*, Emory's later acquisition of patent rights does not absolve it of any theft or wrongdoing years earlier. Stolen ideas or breached state law duties cannot be swept under the rug of patent law by obtaining a subsequent patent.[5]

Fifth, Emory's removal effort neither accepts the Complaint as it is, nor recognizes that TCT is master of that Complaint under the law. Instead, Emory attempts to add information and recast the claims rather than support removal

[5] The patents attached to the Response are cited to the Court as if they pertain to the same matter earlier disclosed by Dr. Lattouf and Plaintiff to Emory and the alleged inventors; or, as if the existence of these patents somehow justifies the Defendants' breaches of contracts or duties or fraud. However, factually, there has been no showing or determination that the subject matter is the same. And, legally, the Defendants' failure to disclose such supposedly on point materials until now or to otherwise provide any earlier "notice" of such claims or inventions in light of their duties owed to Dr. Lattouf and Plaintiff only supports the state law claims.

based on the claims as stated.[6]

Sixth, Emory attaches Exhibits related to patents or applications related to Plaintiff. Emory assigns significance to the pending patent application, which is a divisional of an earlier patent, and, thus, clearly released by Emory under the terms of its first and second amendment.

Overall, Emory's combination of disregarding the Complaint as stated, ignoring binding legal decisions and standards, and interjecting new materials as supposed proof goes far beyond the bounds of proper removal efforts. It was Emory's substantial burden to take the Complaint as written and demonstrate that the claims actually stated therein necessarily and absolutely required federal patent law determinations. This burden was in no way carried and the analysis detailed in Plaintiff's Motion to Remand dictates the proper result here, which is to have this matter returned to the Georgia state court to determine the state law claims and duties at issue.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. THE COMPLAINT IS BASED IN STATE CONTRACT LAW

Emory in its Response said it best: the Complaint is full of "garden-variety contract and tort claims." [Doc. 20 at 22]. Despite this explicit

[6] Furthermore, it should also be noted that the Response does not purport to present any defense of Defendants Ajit Yoganathan, Ph.D. and Jorge Jimenez, Ph.D.

recognition/admission, Defendant Emory's Response attacks TCT's factual allegations, incorrectly characterizing them as grounded in federal patent law.[7] [Doc. 20 at 3-4]. The law is not so simplistic. Instead, as the Complaint clearly states, the claims arise from contracts (the Release Letter and Amendments) that concern patents – a distinction in the law not appreciated by Emory. [Doc. 1-1]. As Emory should well know, but fail to discuss, "that a contract action may involve a determination of the true inventor does not convert that action into one 'arising under' the patent laws." *Consol. World Housewares, Inc. v. Frinkle*, 831 F.2d 261, 265 (Fed. Cir. 1987). It is under this line of cases that the Response misses the target.

Emory dedicates a lot of the Response to inapplicable analysis from the case of *HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus., Co., Ltd.*, 600 F.3d 1347 (Fed. Cir. 2010). In fact the case of *Beghin-Say Intern., Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568 (2002) ("*BSI*") is more applicable. The causes of action the court in *HIF* thought invoked federal jurisdiction were the declaratory judgment (which TCT does not bring); federal RICO claims (which TCT does not bring); and slander of title (which TCT does not bring). *Id.* Moreover, as held in *HIF*, the claim for "declaration of ownership" is a state law claim. *Id.* at 1355; *Don*

---

[7] Despite correctly characterizing the complaint in footnote 1 as "claims arising from **agreement** with Emory".

*King Prods. Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D.Cal. 1995).[8] Therefore, even *HIF* requires the conclusion that remand is proper. Unlike *HIF*, the claims here involve interpretation of the contracts Defendants entered into regarding the patents and the effect of the assignment and release provisions found in those agreements.

The claims made in this case are like those made in *BSI* and *Doukas*. In *BSI*, 733 F.2d at 1571 (regarding assignments of rights agreements) the Federal Circuit recognized that contracts pertaining to patents are governed by contract law, not federal patent law.

In *Doukas v. Ballard*, 825 F.Supp.2d 377 (E.D.N.Y. 2011), the court found that the claims of fraud, breach of contract, and others "relate directly to the joint venture agreement, and have no basis in patent law." *Id.* at 382 (citing *Christianson*, 486 U.S. at 811 and *Synergy Adv. Pharmas. Inc. v. CapeBio LLC*, 797 F.Supp.2d 276 284 (S.D.N.Y. 2011) ("Additionally, the possibility that the

[8] Even if the claims can be construed with a patent law basis, the claims brought by TCT have a non-patent law basis for recovery – the rights and duties accruing under the contracts and agreements. This alternative theory of recovery for each claim negates and defeats jurisdiction as Emory has failed to show that each theory of recovery for a claim rests solely and singularly on patent law. *Am. Tel. & Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1991) ("Under *Christianson*, **every theory of a claim as pled must depend on patent law if there is to be federal jurisdiction**." (Emphasis supplied)). If the Court finds any theory is supported by non-patent grounds (e.g. contract grounds), then remand is appropriate. *Id.*

fact-finder may be called upon to determine the true inventor of certain [inventions] does not turn such inquiry into one that 'arises under' federal patent law.")).

Like *Doukas* and *BSI*, the Complaint here brings into dispute contractual relations underpinning the patent/invention and does not call into question the patent itself. Three of the eleven counts[9] are undeniably claims based on contract that rely solely on state law (1. Breach of **Contract**. . . .2. Breach of **Oral Contract**. . . .6. Breach of Legal Duties and **Contract**). [Doc. 20 at 5-6]; *HIF*, 600 F.3d at 1355. These counts are based in state law claims that do not require or include a substantial question of federal patent law because the rights established that give rise to the claims are solely based on a contractual relationship – not a debate as to who created the invention (Defendant's last remaining shot to keep federal jurisdiction). *Id.* at 1354 – 1356 (holding that the state law claims of conversion, actual and constructive fraud; intentional interference with contractual relations and prospective economic advantage; negligent interference with contractual relations; breach of implied contract; unfair competition and fraudulent business practices; unjust enrichment "because each cause of action could be resolved **without** reliance on the patent laws."); *Christianson*, 486 U.S. 814-5.

[9] The last two counts, X and XI, are derivative for costs of litigation and punitive damages and do not weigh into the removability of this lawsuit.

The remaining six claims are also based in contract as well as tort and, therefore, do not raise issues of inventorship but rights that accrue under contractual duties and obligations: III Confidential Relations [Doc. 1-1 at ¶ 190]; IV Tortious Interference with Business Relations [Doc. 1-1 at ¶ 198]; V Tortious Interference with Contract [Doc. 1-1 at ¶ 201]; VII Fraud [Doc. 1-1 at ¶ 215]; VIII Conspiracy [Doc. 1-1 at ¶ 238]; IX False Advertising [Doc. 1-1 at ¶ 241]. All arise out of contractual duties and rights.

As is shown, the Complaint rests on the interpretation of Release Letter and later amendments and subsequent breaches which are uniquely germane to state law. "[T]he question of who owns patent rights, **and on what terms**, typically **is a question exclusively for state courts** and not one arising under United States patent laws." *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1329 (Fed. Cir. 2001); *BSI*, 733 F.2d at 1570-1571;*Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997); *Kitaru Innovations Inc. v. Chandaria*, 698 F.Supp.2d 386 (2010); *Akazawa v. Link New Technology Intern., Inc.*, 520 F.2d 1354, 1357 (2008).

More simply put, because the Complaint as pled must put under scrutiny and not a hypothetical counterclaim. The Complaint as pled and **properly** construed, only involves questions of contract and tort properly suited for state court thus

making reliance on *HIF* inapposite.[10] Emory improperly characterizes the Complaint in poor efforts to wriggle jurisdiction solely based on patent law which is simply not the case as established by the Complaint as pled.

## B. REMAND UNDER 28 U.S.C. §1454 IS PROPER

Remand is proper because no claim in the Complaint is based solely on patent law or with substantial questions of patent law. Emory fails each of the necessary four tests articulated by *Gunn v. Minton*, 133 S. Ct. 1059 (2013), "that is, federal jurisdiction … if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

Additionally, District courts may decline to exercise supplemental jurisdiction and remand a claim if: (1) it "raises a novel or complex issue of State law," (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28

[10] Emory attempts to poorly distinguish this case from *Luckett v. Delpark*, 270 U.S. 496 (1926) and *Granger v. Croscill Home, LLC*, No. 10-00597-CG-N, 2011 WL 250433 (S.D.Ala. Jan. 7, 2011), *adopted by* 2011 WL 2454757 (S.D.Ala. 25, 2011). However, these two cases control because while the contracts and agreements at issue concern patents, it is not a question of who invented the invention, but who has what rights under the contracts and agreements.

U.S.C.S. § 1367 (c); 28 U.S.C.S. §1454(a), (d) (2). ***Any one*** of these factors "is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 743 (11th Cir. Ga. 2006) (citation omitted).

As Emory concedes, "[o]ther than multiple references [note: not **claims**] to patent inventorship, TCT's Complaint asserts garden-variety contract and tort **claims**. . . ." [Doc. 20 at 22 (emphasis supplied)]. Inasmuch as the vast majority of claims are based in state law (see discussion *supra*) any mere "references" to patent law are ancillary and the case would not exist but for the contracts at issue. *Parker*, 468 F.3d at 744. Moreover, as shown above, any reference to patents in the Complaint is based on "ownership" of said patent under a release and assignment provisions in the Release Letter and its amendments, which still falls squarely in state court jurisdiction as based in contract law. *HIF*, 600 F.3d at 1355.

Additionally, as evidenced by the vigor of the Complaint and the flowery rhetoric found in Emory's briefing, exceptional circumstances exist in this case based on the *Gibbs* factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together. Here, the claims to be resolved are based in contract and tort and are properly heard by a state court. Currently, the Northern District of Georgia is short on seated judges

and the state court has more resources available to deal with these "garden-variety" claims so this Court can focus their attention on matters properly brought into federal courts and of the specialties that federal courts were created to adjudicate.

Lastly, simply arguing "they're wrong," as Emory blatantly does, does not carry the day in this regard such that remand is also proper under 28 U.S.C. §1454 because Emory carries the burden to have this Court retain jurisdiction. The reasons expressed in Plaintiff's Motion to Remand are valid and Emory's conclusory opposition falls flat.

### C. EMORY'S POSSIBLE, HYPOTHETICAL, MAYBE PATENT LAW COUNTERCLAIM

As a last ditch attempt to justify removal, Emory proposes that it **may be** required to **possibly** file a "**potential** patent counterclaim." [Doc. 20 at 23 (emphasis added)]. Emory claims that Defendants "**may be** required to file a declaratory judgment counterclaim. . .[which] would fall within this Court's exclusive patent law jurisdiction." [Doc. 20 at 3-4 (emphasis added)]. However, that is not the law because counterclaims cannot be a proper basis for remand.[11] *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832-833 (U.S. 2002).

---

[11] And especially not a "well-pleaded potential, possibly-filed-in-the-future counterclaim" rule.

Emory suggests that the 2011 amendments to the statute changed this rule. However, this Court very recently upheld the *Holmes Group* rule. *Midfirst Bank v. Burton*, 2013 WL 6196538, No. 1:13-CV-3122-WSD (N.D.Ga. Nov. 27, 2013); *Savannah Midtown LLC v. McDonald*, 2013 WL 6196559, No. 1:13-CV-3530-WSD (N.D.Ga. Nov. 27, 2013). Moreover, other jurisdictions have similarly held very recently "a counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." *Hanson v. Willis*, 2013 WL 5918821 (D.Minn. 2013)(citing *Holmes Group*, 535 U.S. at 831-2); *MRC II Distribution Co. L.P. v. Coelho*, 2012 WL 3810257 (C.D.Cal. 2012) (finding "if a state court was presented with a declaratory claim for copyright validity—**as opposed to a mere defense or counterclaim**—that state court would lack jurisdiction to decide that question. 28 U.S.C. § 1338(a)." (Emphasis supplied)).

Setting aside Emory's erroneous reading of the law, **there is no counterclaim** making their argument moot. This fault in Emory's argument, as with the others, is insurmountable and this Court cannot properly retain jurisdiction based on hypotheticals and unrealized possibilities. [12]

[12] Among its many and varied arguments, Emory also attempts to argue that the State of Georgia can waive its sovereign immunity rights. Though remand is proper regardless of any such waiver, notably, this is yet another hypothetical

## III. Conclusion

For all of the reasons detailed above and in Plaintiff's initial Brief, Emory fails to carry its burden to show that removal was proper of these "garden-variety contract and tort" claims. Because Plaintiff is the master of the Complaint and the Complaint only expresses claims based on the resolution of contract and tort theories under state law, Plaintiff respectfully asks that this Court apply controlling Supreme Court authority and remand this case back to state court to determine these state law claims.

Respectfully submitted, this 12th day of December, 2013.

*<u>/s/ John W. Crongeyer</u>*
John W. Crongeyer
Georgia State Bar No. 197267

**CRONGEYER LAW FIRM, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com

*Signatures continue on the following page*

---

argument given that the State of Georgia has not stated that it was waiving its immunity in this matter.

*/s/ Kristen L. Beightol*
William Q. Bird
Georgia State Bar No. 057900
Kristen L. Beightol
Georgia State Bar No. 425814

**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 873-4696
Facsimile: (404) 872-3745
wqb@birdlawgroup.com
klb@birdlawgroup.com

*/s/ J. Robert Howard*
J. Robert Howard
Georgia State Bar No. 370900

2393 Montview Drive, N.W.
Atlanta, GA 30305
Telephone: (404) 367-9924
Facsimile: (404) 351-8997
Jrh2393@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a copy of the foregoing *PLAINTIFF'S REPLY TO DEFENDANT EMORY UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (AND DEFENDANTS GEORGIA TECH RESEARCH CORP., GEORGIA TECH FOUNDATION, INC. AND VINOD H. THOURANI, M.D.'s JOINDER)* with the Clerk of Court using the CM/ECF system and served a copy upon counsel for Defendants by electronic filing as follows:

Joel D. Bush II
C. Allen Garrett, Jr.
Robert E. Buckley
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528

Jill Warner
Michael E. Brooks
McRae Brooks Warner LLC
1175 Peachtree Street, NE
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

Holmes J. Hawkins, III
James J. Mayberry
Amy Yervanian Jones
Andrew Mutter
King & Spalding
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Julie Adam Jacobs
Senior Assistant Attorney General
W. Wright Banks, Jr.
Deputy Attorney General
Department of Law, State of Georgia
40 Capitol Street, S.W.
Atlanta, Georgia 30334-1300

*Signature appears on the following page*

This 12th day of December, 2013,

*/s/ John W. Crongeyer*
John W. Crongeyer
Georgia State Bar No. 197267

Crongeyer Law Firm, P.C.
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com

**Font Certification**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14 point type as provided in Local Rule 5.1C.

*/s/ John W. Crongeyer*
John W. Crongeyer
Georgia State Bar No. 197267

Crongeyer Law Firm, P.C.
2170 Defoor Hills Road
Atlanta, GA 30318
Telephone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com